UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY DALE OXFORD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:24-CV-01015-CBK<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY |

Petitioner pleaded guilty to conspiracy to distribute fentanyl resulting in serious bodily injury and was sentenced on October 10, 2023, to 240 months imprisonment, the mandatory minimum. 1:22-cr-10047-CBK. She did not appeal her conviction or sentence. Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that she received ineffective assistance of counsel. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). In the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not

have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir.2001), (*quoting* Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

Petitioner contends that she was "forced to sign the plea agreement" by counsel. She contends that the plea agreement was not the statement she gave her lawyer. The plea agreement does not contain petitioner's statements. Those statements are set forth in the factual basis statement that she signed. She also contends that she asked her attorney what she should do about the plea agreement and he advised she "should do it." Petitioner also contends that counsel told her the police stop was justified.

Petitioner's waiver of her Constitutional right to insist the charges against her be tried to a jury can only be waived by a guilty plea that is "voluntary" and "intelligent." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998) (*citing* Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The United States Supreme Court has held that a "plea of guilty entered by one fully aware of the direct consequences . . . must stand unless induced by threats . . . misrepresentation . . . or [improper promises]." Brady, 397 U.S. at 755, 90 S.Ct. at 1472. Petitioner was fully advised by me of the consequences of pleading guilty and I found on the record at the plea hearing that her plea was voluntary. Nothing in the motion to vacate shows otherwise.

A plea is intelligently made where the petitioner "was advised by competent counsel, [she] was made aware of the nature of the charge against [her], and there was nothing to indicate that [she] was incompetent or otherwise not in control of [her] mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473. I found at the change of plea

hearing that petitioner was competent to enter a guilty plea. Notwithstanding any advice given or not given to petitioner by counsel prior to the entry of her guilty plea, I fully advised petitioner of the consequences of pleading guilty prior to the entry of her plea.

Petitioner's claims that counsel induced or improperly coerced her into pleading guilty are contrary to the record. Petitioner testified under oath at the change of plea hearing that no person made promises, other than what was in the plea agreement, to induce her to plead guilty. She testified that no person had threatened her in any way to get her to agree to the plea agreement.

At the change of plea hearing, petitioner testified under oath that she was fully satisfied with the advice and representations by counsel to her in this case. She denied that she was improperly induced to plead guilty. She further testified twice that the factual basis statement was true. Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Petitioner makes reference in her supporting facts that she "asked about the way the police pulled us over and used a different license plate number to pull us over." Petitioner stated in her supporting facts that counsel told her "it was justified." Counsel for defendant filed a motion to suppress evidence obtained in connection with a traffic stop of the vehicle she was driving which led to her arrest and subsequent statements. That vehicle was stopped in connection with the investigation of a fentanyl overdose injury, the vehicle having been seen on camera at the time of the drug distribution which resulted in the overdose injury. Petitioner is referring to the fact that the officer making the traffic stop called the incorrect plate number into dispatch and wrongly concluded that the vehicle did not have valid plates. Once the error was discovered after the stop was made, the correct plate number was called into dispatch and the officer learned the vehicle was reported stolen.

3

Petitioner entered a guilty plea while the suppression motion was pending. The Eighth Circuit has held that "a guilty plea waives all suppression issues not expressly reserved by a conditional plea." United States v. Colbert, 76 F.4th 1039, 1042 (8th Cir. 2023). Nothing in the record suggests that the advice she received from counsel concerning the suppression issue was erroneous or that she was prejudiced thereby.

I reject any claim that counsel was ineffective in advising petitioner to plead guilty as claimed by petitioner. Even if counsel was ineffective, petitioner cannot show any prejudice. If she had gone to trial, she would surely have been convicted. The victim told authorities that he received the fentanyl from a person in a black Ford Explorer which was parked at the gas station where he was working. A white woman was driving that vehicle and a Native American male was the front seat passenger. Surveillance footage from the gas station showed that a black Ford Explorer was parked at the gas station at the time the victim received the fentanyl. That vehicle had been reported stolen by defendant's cousin. When the vehicle was stopped, defendant, a white woman, was driving the vehicle. The passenger in the vehicle at the time of the distribution of fentanyl which resulted in serious bodily injury was the codefendant in this conspiracy case. The codefendant entered into a plea agreement with the government and, like the petitioner, agreed to cooperate.

As previously set forth, petitioner bears the burden of showing prejudice - that, absent counsel's alleged ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different. Delgado v. United States, 162 F.3d at 982. Since she pleaded guilty, petitioner must show that but for counsel's alleged ineffective advice, she would not have pleaded guilty and would have insisted on going to trial. Gumangan v. United States, 254 F.3d at 705. Petitioner cannot show that the outcome of her case would have been different had counsel not advised her to plead guilty.

The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620, 118 S.Ct. at 1610.

The factual basis statement signed by petitioner states that she conspired with others to distribute fentanyl to a person who snorted the substance, experienced an overdose, was rendered unconscious and struggled to breathe, and was only revived by the administration of two doses of Narcan. Petitioner testified twice under oath at the change of plea hearing that the factual basis statement was true. During the presentence interview, petitioner again agreed with the factual basis statement and accepted responsibility for the offense. There is no risk in this case that petitioner, though she pleaded guilty, is innocent. Petitioner cannot show that, absent a claimed error in the advice she received to plead guilty, she would have denied she committed the offense and would have proceeded to trial. She further cannot show that, had she gone to trial, she would not have been convicted.

Petitioner's base offense level for the offense of conviction was 38. The base offense level was not based upon quantity but upon the fact that she pleaded guilty to distribution of a controlled substance wherein death or serious bodily injury resulted from the use of the substance. Because she timely pleaded guilty and accepted responsibility, her offense level was reduced three levels to level 35. Together with a criminal history category of III, the advisory guideline range was 210 – 262 months. Petitioner was sentenced at the lowest end authorized by law, the mandatory minimum sentence of 240 months. Had she gone to trial and been convicted, her guideline range would have been 292 – 365 months, absent any further enhancements. The advice to plead guilty and take advantage of the reduction for acceptance of responsibility was sound legal advice.

## ORDER

I have determined, upon initial consideration, that it plainly appears from the face of the motion and the prior proceedings in the criminal case that petitioner is entitled to no relief and that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be summarily dismissed.

Based upon the forgoing,

IT IS ORDERED that he motion to vacate, set aside, or correct sentence, Doc. 1, is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 3rd day of September, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge